IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-40658
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ELIAS PAIZ, JR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-4-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Elias Paiz, Jr., appeals his sentence following his guilty-plea conviction for possession with intent to distribute 151.24 grams of crack cocaine and for being a felon in possession of a firearm. Paiz argues that the district court plainly erred by not applying the two-level reduction for crack cocaine offenses when determining his base offense level.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Paiz concedes that plain error applies because he failed to raise the issue at the district court level. To establish plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). In *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007), the Supreme Court set out a bifurcated approach for conducting a reasonableness review. An appellate court must first determine whether the district court committed any significant procedural error, such as failing to calculate or incorrectly calculating the guidelines range, treating the Guidelines as mandatory, or failing to consider the factors in § 3553(a). *Id.* at 597. If there is no procedural error, this court then "consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* at 597. Paiz's argument on appeal concerns only whether the district court committed a procedural error; he does not otherwise argue the substantive reasonableness of the sentence.

The district court correctly applied the two-level reduction for crack cocaine offenses set forth in the 2007 edition of the Sentencing Guidelines. U.S.S.G., App'x C, amend. 706, at 226-31 (Supp. Nov. 1, 2007). Paiz has not demonstrated that the district court erred, plainly or otherwise.

The judgment of the district court is AFFIRMED.